# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/26/2023 at 03:28:07 PM
Clerk of the Superior Court
By Sharon Allen Thurston, Deputy Clerk

Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Marcelina Pereyra*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MARCELINA PEREYRA, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>     vs.<br><br>G.A.T. AIRLINE GROUND SUPPORT, INC. and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No.  37-2023-00046746-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Minimum Wage Violations<br>2. Failure to Pay All Overtime Wages<br>3. Meal Period Violations<br>4. Rest Period Violations<br>5. Paid Sick Leave Violations<br>6. Unpaid Vacation Wages<br>7. Untimely Payment of Wages<br>8. Wage Statement Violations<br>9. Waiting Time Penalties<br>10. Failure to Reimburse Business Expenses<br>11. Failure to Provide Records<br>12. Unfair Competition |

Plaintiff MARCELINA PEREYRA, individually and on behalf of all others similarly situated ("Plaintiff") brings this CLASS ACTION COMPLAINT against Defendants G.A.T. AIRLINE GROUND SUPPORT, INC. and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a class action brought under California Code of Civil Procedure section 382 for Defendants' violations of the California Labor Code and Business and Professions Code.

2. Defendants underpaid the class members' wages by failing to factor some forms of non-discretionary income into the regular rate of pay for overtime, sick leave, and premium wages.

3. Defendants also failed to reimburse Plaintiff and class members for work-related expenses the class members incurred in furtherance of their job duties.

4. Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the class members.

## JURISDICTION & VENUE

5. Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

6. The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

7. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conduct business and committed some of the alleged violations in this county.

# PARTIES

**A.    Plaintiff Marcelina Pereyra**

9. Plaintiff Pereyra is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about August 2021 to July 2023. Plaintiff worked as a Guest Service Agent.

**B.    Defendants**

10. Defendant G.A.T. Airline Ground Support, Inc. is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

11. The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474. Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein. This Complaint may be amended to reflect their true names and capacities once ascertained.

12. Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

13. Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

14. Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

**CLASS ALLEGATIONS**

15. This action is brought individually and on behalf of the following class pursuant to Code of Civil Procedure section 382:

    a. All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

16. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

17. The class is ascertainable and shares a well-defined community of interest in this litigation:

    a. <u>Numerosity</u>: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time. The class is so numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

    b. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

    c. <u>Adequacy</u>: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

      d.    <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

      e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

18. Common questions of law and fact as to the class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

**GENERAL ALLEGATIONS**

19. Plaintiff and class members worked for Defendants as non-exempt employees and were compensated on an hourly basis with other forms of non-discretionary pay, including but not limited to commissions for passenger upgrades and sales.

20. As explained further below, Plaintiff and class members worked through all or part of their meal periods on several occasions. When Plaintiff and class members suffered on-duty meal periods, these hours were unrecorded and uncompensated, as the employees were clocked out for their meals. Therefore, Plaintiff alleges that Defendants failed to pay at least the applicable minimum wage for all hours worked, specifically the off-clock meal period work.

21. On information and belief, Defendants underpaid overtime, sick leave, and premium wages when Plaintiff and class members earned non-discretionary income outside of their base hourly pay, including the commissions, which were not included in the regular rate.

22. Regarding overtime, Plaintiff alleges that Defendants paid Plaintiff and aggrieved employees at 1.5x their base hourly rate rather than 1.5x the regular rate of pay, which would have

- 4 -

CLASS ACTION COMPLAINT
*Pereyra v. G.A.T. Airline Ground Support, Inc.*

Case 3:23-cv-02195-MMA-MMP   Document 1-2   Filed 11/30/23   PageID.29   Page 7 of 19

included all forms of non-discretionary income, including commissions. Regarding sick leave and premiums, Plaintiff further alleges that Defendants likewise only paid the employees' base hourly wages for sick leave and premiums instead of the regular rate of pay.

23. Additionally, due to short staffing and time-sensitive job responsibilities during delayed flight schedules, Plaintiff and class members suffered several late, short, missed, or interrupted meal and rest periods. When flights were delayed, Defendants expected Plaintiff and class members to stay on duty and tend to passengers until the flights were back on schedule. Further, Plaintiff and class members often served on a short-staffed team, and there were not enough employees on shift to both handle operational responsibilities and timely relieve other employees for their due breaks. As a result of these working conditions, Plaintiff and class members frequently worked through all or part of their meal and rest periods.

24. On information and belief, Defendants did not consistently pay Plaintiff and class members their due meal or rest period premiums for these deficiencies. To the extent Defendants did pay rest or meal period premiums, Plaintiff further alleges that those premiums were underpaid due to the same regular rate miscalculations stated above.

25. Because of the aforementioned violations, Plaintiff alleges that Defendants failed to provide accurate itemized wage statements that included all accurate gross or net wages.

26. These violations create derivative liability for failure to timely pay all wages owed each payday or upon separation of employment. Specifically, Defendants failed to pay Plaintiff her unused and accrued vacation wages upon separation of employment. As of the date of this pleading, nearly three months after termination in July 2023, Plaintiff has still not received her unused, accrued vacation wages, or any late payment penalties from Defendants.

27. Defendants also required Plaintiff and class members to incur personal expenses in furtherance of the class members' job duties. Defendants would occasionally assign Plaintiff and class members to TDY work periods or "Temporary Duty Assignments." During the TDY periods, Plaintiff and class members would travel to other airports to work at those locations for a set period. Defendants did not consistently reimburse Plaintiff and class members for all associated, necessary costs incurred while carrying out TDY assignments.

CLASS ACTION COMPLAINT
*Pereyra v. G.A.T. Airline Ground Support, Inc.*

28. For example, when Plaintiff served a two-week TDY period in San Jose, California, she had to call and pay for Ubers to get to and from the hotel and airport for work. Although the hotel provided a shuttle, the shuttle only ran outside of Plaintiff's work schedule, so Plaintiff necessarily needed to pay for and utilize ridesharing. Defendants did not reimburse Plaintiff for these ridesharing expenses despite Plaintiff's timely submission of an expense report according to Defendants' policies. Plaintiff alleges that Defendants likewise failed to fully reimburse other class members for necessary expenses.

29. Finally, when Plaintiff requested her personnel files from Defendants, Defendants failed to produce several required employment records. Defendants issued only an eleven-page production, consisting only of internal conversations regarding Plaintiff's performance and a succinct payroll register summary. Defendants did not produce wage statements, time records, employer policies, onboarding documents, agreements, waivers, and several other necessary documents.

**FIRST CAUSE OF ACTION**

**MINIMUM WAGE VIOLATIONS**

**Violation of Labor Code §§ 1194, 1194.2 and 1197**

**(All Claims Alleged by Plaintiff and Class Members Against All Defendants)**

30. All outside paragraphs of this Complaint are incorporated into this section.

31. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated damages).

32. Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect. As a result, Defendants are liable for all

associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

33. Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### Violation of Labor Code §§ 510 and 1194

34. All outside paragraphs of this Complaint are incorporated into this section.

35. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

36. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

37. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

**Violation of Labor Code §§ 226.7 and 512**

38. All outside paragraphs of this Complaint are incorporated into this section.

39. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

40. Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

41. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

42. Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

**Violation of Labor Code §§ 226.7 and 516**

43. All outside paragraphs of this Complaint are incorporated into this section.

44. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

45. Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

46. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

## FIFTH CAUSE OF ACTION

**FAILURE TO PAY ALL PAID SICK LEAVE WAGES**

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

47. All outside paragraphs of this Complaint are incorporated into this section.

48. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

49. Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

- 9 -
CLASS ACTION COMPLAINT
*Pereyra v. G.A.T. Airline Ground Support, Inc.*

> [A]n employer shall calculate paid sick leave using any of the following calculations:
>
> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.
>
> (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
>
> (3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

50. Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members.

51. Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq.*

52. Pursuant to Labor Code section 248.1, Defendants were required to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave to employees for the period of April 20, 2020 to December 31, 2020. Labor Code section 248.2 required Defendants to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through at least September 30, 2021. Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

53. Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

54. Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the highest of the following four methods:

    (I) Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.

    (II) Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

    (III) The state minimum wage.

    (IV) The local minimum wage to which the covered employee is entitled.

55. Labor Code section 248.6 requires employers to pay supplemental sick leave using either method (I) or (II), as identified above.

56. On information and belief, Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in their sick leave calculation the additional remuneration received by class members.

57. As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

**UNPAID VACATION WAGES**

**Violation of Labor Code §§ 201, 202, 203, and 227.3 and 1194, and 1198**

58. All outside paragraphs of this Complaint are incorporated into this section.

59. This cause of action is brought by an unpaid vacation wages subclass pursuant to Labor Code §§ 200, 201, 202, 203, and 227.3 and 1194, and 1198, which require non-exempt employees be timely paid all vested vacation wages at their final rate of pay upon separation of employment, and which further provide a private right of action for an employer's timely failure to pay all vacation compensation upon termination.

60. Defendant offered Plaintiff and class members an employment contract or policy providing for the accrual of vacation and/or paid time off. Plaintiff and class members accrued vacation and/or PTO pursuant to the contract or policy.

61. Upon separation of Plaintiff and class members, Defendants willfully failed in their affirmative obligation to timely pay Plaintiff and class members all accrued but unused vacation at their final rate during their employment with Defendants, in violation of Labor Code sections 201(a), 202(a), and 227.3.

62. Plaintiff and class members are entitled to recover the full amount of the accrued vacation wages owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SEVENTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

**Violation of Labor Code §§ 204, 210, 218**

63. All outside paragraphs of this Complaint are incorporated into this section.

64. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

65. Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

66. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for

each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

### EIGHTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

**Violation of Labor Code § 226**

67. All outside paragraphs of this Complaint are incorporated into this section.

68. This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

69. Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members. Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

70. Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

71. As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

### NINTH CAUSE OF ACTION

### WAITING TIME PENALTIES

**Violation of Labor Code §§ 201 *et seq*.**

72. All outside paragraphs of this Complaint are incorporated into this section.

73. This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of

employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

74. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

75. Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**TENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**Violation of Labor Code § 2802**

76. All outside paragraphs of this Complaint are incorporated into this section.

77. Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

78. Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and class members are entitled to recover the amount unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE RECORDS**

**Violation of Labor Code §§ 226, 432, and 1198.5**

79. All outside paragraphs of this Complaint are incorporated into this section.

80. Plaintiff brings this cause of action exclusively *in an individual capacity*.

- 14 -
CLASS ACTION COMPLAINT
Pereyra v. G.A.T. Airline Ground Support, Inc.

81. Labor Code section 432 states that [i]f an employee. . . signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

82. Labor Code section 226(b) grants employees the right to inspect or receive "a copy of records pertaining to their employment." Labor Code section 226(f) authorizes a penalty of $750 for an employer's failure to comply with a request for records made under section 226.

83. Labor Code section 1198.5 requires employers to provide an employee's "personnel records" within 30 days of receipt of the request. Section 1198.5(k) authorizes a penalty of $750 for an employer's failure to provide a copy of or permit inspection of personnel records. Section 1198.5(l) allows an employee to seek injunctive relief to obtain an employer's compliance with this section and authorizes the recovery of attorneys' fees and costs.

84. Section 7 (Records) of the IWC Wage Orders, which may be enforced through Labor Code section 1198, requires that employers maintain time records of when an employee begins and ends each work period and when the employee takes meal periods, among other required employment and payroll records. Section 7(C) states that "[a]n employee's records shall be made available for inspection by the employee upon reasonable request."

85. Plaintiff requested from Defendants all records due under the IWC Wage Orders (including the Records sections) and Labor Code sections 226, 432, and 1198.5. Defendants issued only an eleven-page production, consisting only of internal conversations regarding Plaintiff's performance and a succinct payroll register summary. Defendants did not produce wage statements, time records, employer policies, onboarding documents, agreements, waivers, and several other necessary documents.

86. Defendants' unlawful acts and omissions deprived Plaintiff of the ability review the documents they received during their employment and to inspect and reconcile their actual time worked with the ultimate pay they received on their wage statements. Plaintiff is entitled to recover the penalties and injunctive relief, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5, and Labor Code sections 226 and 1198.5.

## TWELFTH CAUSE OF ACTION

### UNFAIR COMPETITION

**Violation of Business and Professions Code §§ 17200** *et seq.*

87. All outside paragraphs of this Complaint are incorporated into this section.

88. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

89. Defendants' dependance on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

90. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

91. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

92. Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

**PRAYER**

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

b. For appointment of Plaintiff as the class representative;

c. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d. For division of class members into appropriate classes and/or subclasses according to proof;

e. For recovery of damages in amount according to proof;

f. For all recoverable pre- and post-judgment interest;

g. For recovery of all civil and statutory penalties and liquidated damages;

h. For disgorgement of all amounts wrongfully obtained;

i. For restitution and injunctive relief;

j. For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802, and Code of Civil Procedure section 1021.5; and

k. For such other relief the Court deems just and proper.

Dated: October 26, 2023

*Ferraro Vega Employment Lawyers, Inc.*

_____
Nicholas J. Ferraro
*Attorneys for Plaintiff Marcelina Pereyra*